Laurie Edelstein (CA Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
LEdelstein@jenner.com

Kate T. Spelman (CA Bar No. 269109)
Jenna L. Conwisar (CA Bar No. 341521)
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA  90067-2901
Telephone:  (213) 239-5100
KSpelman@jenner.com
JConwisar@jenner.com

David Layden (IL Bar No. 6216417;
*pro hac vice* application forthcoming)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone:  (312) 222-9350
DLayden@jenner.com

*Counsel for Defendant OpenAI Global, LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMARGO COUTURE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI GLOBAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-03000-H-GC<br><br>The Honorable Marilyn L. Huff<br><br>**DEFENDANT OPENAI GLOBAL, LLC'S NOTICE OF RELATED CASE** |

NOTICE OF RELATED CASE                                    Case No. 3:26-cv-03000-H-GC

Pursuant to Civil Local Rule 40.1(f), Defendant OpenAI Global, LLC ("OpenAI") provides notice that this case ("*Couture*") is related to the following action that was recently terminated in the United States District Court for the Northern District of California:

- *Lim v. OpenAI Global, LLC*, No. 3:26-cv-04063 (N.D. Cal. May 5, 2026) ("*Lim*").

The allegations, claims, and class definitions in the *Lim* and *Couture* complaints are identical. Both are putative class actions arising from OpenAI's alleged use of the Facebook Pixel and Google Analytics code on ChatGPT.com that purportedly caused the transmission of user information to Meta and Google. *Couture* Compl. ¶¶ 19–72; *Lim* Compl. ¶¶ 19–72. Both actions assert claims for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511, *et seq.*, and the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 & 632, and for invasion of privacy under California's Constitution and intrusion upon seclusion. *Couture* Compl. ¶¶ 82–132; *Lim* Compl. ¶¶ 82–132. In both actions, Plaintiffs seek to represent nationwide and California classes of "all [persons/California residents] who, during the class period, had their personally identifiable information and communications with ChatGPT disclosed to third party entities, as a result of using the Website." *Couture* Compl. ¶¶ 73–74; *Lim* Compl. ¶¶ 73–74.

The *Lim* case was filed in the Northern District of California on May 5, 2026 by the same counsel representing Plaintiff Couture here—Bursor & Fisher P.A. *Lim*, Dkt. 1. On May 7, 2026, the *Lim* case was assigned to Judge Vince Chhabria. *Id.*, Dkt. 8. Judge Chhabria recently granted summary judgment to the defendant in a CIPA action arising from circumstances analogous to those alleged in *Lim* and *Couture*: defendant's use of the Facebook Pixel on its website. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109 (N.D. Cal. 2025).

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

NOTICE OF RELATED CASE | Case No. 3:26-cv-03000-H-GC

Six days after *Lim* was assigned to Judge Chabbria, Bursor & Fisher filed a notice of voluntary dismissal. *Lim*, Dkt. 10. The very same day, Bursor & Fisher filed *Couture*—an identical action with a different named plaintiff—in this District. *Couture*, Dkt. 1.

Pursuant to Civil Local Rule 40.1(e), *Lim* and *Couture* arise from the same or substantially identical transactions, happenings, or events; involve the same or substantially the same parties or property; call for determination of the same or substantially identical questions of law; and involve a case that was refiled within one year of having previously been terminated by the court, all of which favors issuing a low number order and transferring *Couture* to Judge Chhabria in the Northern District of California.

Importantly, the Ninth Circuit has repeatedly emphasized a strong public policy against judge-shopping. The Ninth Circuit has declared emphatically that judge-shopping "clearly constitutes conduct which abuses the judicial process." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotations omitted); *see also Ponkey v. LLR, Inc.*, No. 24-5729, 2025 WL 3034693, at *1 (9th Cir. Oct. 30, 2025) ("[J]udge-shopping clearly constitutes 'conduct which abuses the judicial process.'"); *Arnell v. Lieb*, No. 08-441, 2008 WL 11336916, at *6 (S.D. Cal. Sept. 9, 2008) ("Judge-shopping is an abuse of the judicial process and is therefore sanctionable behavior."); *Barragan v. Clarity Servs., Inc.*, No. 20-876, 2021 WL 1226537, at *8 (D. Nev. Mar. 31, 2021) ("judge shopping . . . cannot be tolerated").

District courts have inherent power to "fashion an appropriate sanction" for such conduct, including dismissal, transfer, or re-assignment. *See Hernandez*, 138 F.3d at 398–99; *Barragan*, 2021 WL 1226537, at *8 (collecting cases). Indeed, "[c]ourts have sent cases back to their originally assigned judges based on . . . indicia of judge shopping," such as unexplained dismissal, refiling of complaints, and failure to follow local rules for managing related or similar cases. *Barragan*, 2021

3

WL 1226537, at *8; *see Emerson v. Toyota Motor N. Am., Inc.*, No. 14-2842, 2014 WL 6985183, at *3 (N.D. Cal. Dec. 9, 2014) ("The Court cannot conceive of another reason why Plaintiff would dismiss the Central District action following the judicial assignment and then immediately re-file the complaint in this District."). The "red flags of judge shopping" are all present here. *Barragan*, 2021 WL 1226537, at *8.

Accordingly, pursuant to Civil Local Rule 40.1, OpenAI respectfully requests the *Couture* action be related to the *Lim* action and the *Couture* action be transferred to the Northern District of California and reassigned to Judge Chhabria.[1]

Respectfully submitted,

Dated: June 12, 2026                                    JENNER & BLOCK LLP

By:   /s/ Laurie Edelstein
      Laurie Edelstein (CA Bar No. 164466)
      JENNER & BLOCK LLP
      525 Market Street, 29th Floor
      San Francisco, California 94105
      Telephone: (628) 267-6800
      LEdelstein@jenner.com

      Kate T. Spelman (CA Bar No. 269109)
      Jenna L. Conwisar (CA Bar No. 341521)
      JENNER & BLOCK LLP
      2029 Century Park East, Suite 1450
      Los Angeles, CA  90067-2901
      Telephone:  (213) 239-5100
      KSpelman@jenner.com
      JConwisar@jenner.com

      David Layden (*pro hac vice* application forthcoming)
      JENNER & BLOCK LLP
      353 N. Clark Street
      Chicago, IL 60654
      Telephone:  (312) 222-9350
      DLayden@jenner.com

      *Counsel for Defendant OpenAI Global, LLC*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

---

[1] OpenAI expressly reserves and does not waive any right it may have to compel arbitration of Plaintiff's claims.

NOTICE OF RELATED CASE                                    Case No. 3:26-cv-03000-H-GC