Laurie Edelstein (CA Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
LEdelstein@jenner.com

Kate T. Spelman (CA Bar No. 269109)
Jenna L. Conwisar (CA Bar No. 341521)
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
Telephone: (213) 239-5100
KSpelman@jenner.com
JConwisar@jenner.com

David Layden (IL Bar No. 6216417; *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
DLayden@jenner.com

*Counsel for Defendant OpenAI Global, LLC*



**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMARGO COUTURE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI GLOBAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-03000-H-GC<br><br>The Honorable Marilyn L. Huff<br><br>**DEFENDANT OPENAI GLOBAL, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Courtroom: 12A<br>Date: November 2, 2026<br>Time: 10:30 a.m. |

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

## REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, Defendant OpenAI Global, LLC ("OpenAI") respectfully requests the Court take judicial notice of the exhibits submitted in connection with OpenAI's concurrently-filed Motion to Dismiss First Amended Complaint. The exhibits are webpages from publicly accessible websites, publicly available policies and terms of service, and/or internet archives. Courts routinely take judicial notice of such materials because they are not subject to dispute and they may be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## EXHIBITS

1. **Exhibit 1** is a true and correct copy of a web capture of ChatGPT.com's account creation page, available at: https://www.auth.openai.com/about-you.

2. **Exhibit 2** is a true and correct copy of a web capture of ChatGPT.com's landing page as seen by a user who is not a ChatGPT account holder, available at: https://www.chatgpt.com.

3. **Exhibit 3** is a true and correct copy of a web capture of ChatGPT.com's website page titled "Terms of Use," reflecting OpenAI's Terms of Use effective January 1, 2026, available at: https://openai.com/policies/row-terms-of-use/.

4. **Exhibit 4** is a true and correct copy of a web capture from Wayback Machine, a digital internet archive, showing ChatGPT.com's website page titled "Terms of Use," reflecting OpenAI's Terms of Use effective December 11, 2024, available at: http://web.archive.org/web/20241217204006/https:/openai.com/policies/row-terms-of-use/.

5. **Exhibit 5** is a true and correct copy of a web capture of ChatGPT.com's website page titled "US privacy policy," reflecting OpenAI's US privacy policy effective May 18, 2026, available at: https://www.openai.com/policies/privacy-policy/.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

6. **Exhibit 6** is a true and correct copy of a web capture from Wayback Machine showing ChatGPT.com's website page titled "Privacy policy," reflecting OpenAI's privacy policy effective June 27, 2025, available at: http://web.archive.org/web/20251216220351/https://openai.com/policies/privacy-policy/.

7. **Exhibit 7** is a true and correct copy of a web capture of ChatGPT.com's website page titled "Cookie policy," reflecting OpenAI's cookie policy effective August 14, 2026, available at: https://www.openai.com/policies/cookie-policy/.

8. **Exhibit 8** is a true and correct copy of a web capture from Wayback Machine showing ChatGPT.com's website page titled "Cookie policy," reflecting OpenAI's cookie policy effective November 4, 2025, available at: http://web.archive.org/web/20251212132040/https://openai.com/policies/cookie-policy/.

9. **Exhibit 9** is a true and correct copy of a web capture of Meta's website page titled "Terms of Service," reflecting Meta's Terms of Service effective January 1, 2025, available at: https://www.facebook.com/terms/.

10. **Exhibit 10** is a true and correct copy of a web capture of the printable version of Meta's Privacy Policy, reflecting Meta's privacy policy effective July 23, 2026, available at: https://mbasic.facebook.com/privacy/policy/printable/version/1005283583141619/#banner.subpage.agentic-ai-2026-h1-row

11. **Exhibit 11** is a true and correct copy of a web capture of the printable version of Meta's Privacy Policy, reflecting Meta's privacy policy effective June 16, 2025, available at: https://mbasic.facebook.com/privacy/policy/printable/version/10052835831416190/

12. **Exhibit 12** is a true and correct copy of a web capture of a webpage from Meta's Privacy Policy titled "Information from partners, vendors and other third parties," reflecting Meta's policy effective July 23, 2026, available at:

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

https://www.facebook.com/privacy/policy?subpage=1.subpage.4-InformationFromPartnersVendors.com.

13. **Exhibit 13** is a true and correct copy of a web capture of a webpage from Meta's Privacy Policy titled "Information from partners, vendors and other third parties," reflecting Meta's policy effective June 16, 2025, available at: https://www.facebook.com/privacy/policy/version/10052835831416190?subpage=1.subpage.4-InformationFromPartnersVendors.

14. **Exhibit 14** is a true and correct copy of a web capture of Google's website page titled "Privacy Policy," reflecting Google's privacy policy effective May 26, 2026, available at: https://policies.google.com/privacy?hl=en-US.com.

15. **Exhibit 15** is a true and correct copy of a web capture of Google's website page titled "Privacy Policy," reflecting Google's privacy policy effective July 1, 2025, available at: https://policies.google.com/privacy/archive/20250701.

16. **Exhibit 16** is a true and correct copy of a web capture of Google's website page titled "HOW GOOGLE USES INFORMATION FROM SITES OR APPS THAT USE OUR SERVICES," available at: https://policies.google.com/technologies/partner-sites?hl=en-US.

## ARGUMENT

In considering a motion to dismiss, a court may properly consider matters subject to judicial notice. Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). A court may take judicial notice of matters that are "not subject to reasonable dispute." *Id.* A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2); *see also* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Courts routinely recognize that publicly accessible websites and their contents are proper subjects of judicial notice because they may be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190–91 (S.D. Cal. 2024) ("webpages are judicially noticeable facts because they appear on publicly available websites and their authenticity cannot be reasonably questioned"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204–05 (N.D. Cal. 2014) (publicly accessible LinkedIn website and screenshots from the site subject to judicial notice); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1322-24 (C.D. Cal. 2023) (taking judicial notice of various webpages, including internet archives).

Courts also have recognized that publicly available policies and terms of service are proper subjects of judicial notice for the same reason. *See, e.g.*, *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190–91 (S.D. Cal. 2024) (taking judicial notice of a website privacy policy, screenshots of the website's homepage, and the website's initial cookie disclosure because the "they appear on publicly available websites and their authenticity cannot be reasonably questioned"); *Huber v. Biden*, No. 21-6580, 2022 WL 827248, at *1 n.1 (N.D. Cal. Mar. 18, 2022) (taking judicial notice of Twitter's Terms of Service), *aff'd*, No. 22-15443, 2022 WL 17818543 (9th Cir. Dec. 20, 2022); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. 2021) ("Public terms of service and privacy policies are proper subjects of judicial notice.").

The principle that publicly available websites are judicially noticeable because their authenticity cannot be reasonably questioned extends to internet archives, like the Wayback Machine, as well. *Wallack v. Idexx Lab'ys, Inc.*, No. 11-2996, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015) ("various historical versions of website[s] available on the Internet Archive [are] facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021)

(taking judicial notice of archived public webpages); *EVO Brands, LLC*, 657 F. Supp. 3d at 1322–23 (taking judicial notice of captures on Wayback Machine).

Because Exhibits 1 through 16 are webpages from publicly available websites, publicly available policies and terms of service, and/or internet archives, they may be properly judicially noticed. They are not subject to reasonable dispute and their authenticity can be accurately and readily determined from sources whose accuracy cannot be questioned.

**CONCLUSION**

OpenAI respectfully requests that this Court take judicial notice of Exhibits 1–16 and consider them when ruling on OpenAI's Motion to Dismiss First Amended Complaint.

Respectfully submitted,

Dated: August 19, 2026 JENNER & BLOCK LLP

By: */s/ Laurie Edelstein*
Laurie Edelstein (CA Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
LEdelstein@jenner.com

Kate T. Spelman (CA Bar No. 269109)
Jenna L. Conwisar (CA Bar No. 341521)
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
Telephone: (213) 239-5100
KSpelman@jenner.com
JConwisar@jenner.com

David Layden (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
DLayden@jenner.com

*Counsel for Defendant OpenAI Global, LLC*