Laurie Edelstein (CA Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
LEdelstein@jenner.com

Kate T. Spelman (CA Bar No. 269109)
Jenna L. Conwisar (CA Bar No. 341521)
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
Telephone: (213) 239-5100
KSpelman@jenner.com
JConwisar@jenner.com

David Layden (IL Bar No. 6216417; *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
DLayden@jenner.com

*Counsel for Defendant OpenAI Global, LLC*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMARGO COUTURE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPENAI GLOBAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-03000-DMS-GC<br><br>The Honorable Dana M. Sabraw<br><br>**DEFENDANT OPENAI GLOBAL, LLC'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Courtroom: 13A<br>Date: November 2, 2026<br>Time: 10:30 a.m. |

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

## REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Plaintiff's objections to OpenAI's request for judicial notice are unsupported and irrelevant. Plaintiff argues the Court should decline to take judicial notice of Exhibits 1 through 16—all of which consist of webpages from publicly accessible websites, publicly available policies and terms of service, and/or internet archives—because (a) private corporate websites are categorically not subject to judicial notice, (b) more than one version of certain documents exists, (c) the documents relate to affirmative defenses OpenAI may assert, and (d) certain exhibits were published after this action was filed. But courts routinely take judicial notice of private corporate websites. That more than one version of a document exists or was published after this action was filed does not bear on whether a document is judicially noticeable. Likewise, a court may take judicial notice of a document regardless of whether it relates to an affirmative defense or an element of a claim. This Court should overrule Plaintiff's objections and take judicial notice of these exhibits.

## ARGUMENT

A fact is subject to judicial notice if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and the Court "must" take notice when a party requests it and supplies the necessary information. Fed. R. Evid. 201(b)(2), (c)(2). OpenAI asks the Court to notice a narrow fact: that a given webpage existed in a given form and said what the capture shows. Plaintiff does not contend that any capture is inaccurate.

Plaintiff's assertion that it is "improper" for courts to take judicial notice of "private corporate websites" or "party websites" is not the law. Opp. at 3. Courts in this Circuit, including in this District, routinely take judicial notice of publicly available privacy policies, terms of service, website captures, and archived web pages in privacy cases. *See D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190–91 (S.D. Cal. 2024) (taking judicial notice of a website privacy policy, screenshots

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

of the website's homepage, and the website's initial cookie disclosure because "they appear on publicly available websites and their authenticity cannot be reasonably questioned"); *Wallack v. Idexx Lab'ys, Inc.*, No. 11-2996, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015) ("various historical versions of website[s] available on the Internet Archive [are] facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"); *Huber v. Biden*, No. 21-6580, 2022 WL 827248, at *1 n.1 (N.D. Cal. Mar. 18, 2022) (taking judicial notice of Twitter's Terms of Service), *aff'd*, No. 22-15443, 2022 WL 17818543 (9th Cir. Dec. 20, 2022); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 n.2 (N.D. Cal. 2021) ("Public terms of service and privacy policies are proper subjects of judicial notice."); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of archived public webpages); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204–05 (N.D. Cal. 2014) (publicly accessible LinkedIn website and screenshots from the site subject to judicial notice); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1322–24 (C.D. Cal. 2023) (taking judicial notice of various webpages, including internet archives). Plaintiff addresses none of these authorities.

The cases Plaintiff cite concern a different use. Plaintiff relies on *Spy Optic* for the proposition that private websites "describing their own business" may not be accurate. Opp. at 3 (quoting *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755 (C.D. Cal. 2015)). That concern arises when a party asks a court to accept a company's description of itself as true. OpenAI makes no such request; it is seeking judicial notice of publicly accessible terms, policies, and webpages. In *Ladore*, the plaintiff disputed the accuracy and authenticity of the web materials, and the court declined to take judicial notice. *Ladore v. Sony Computer Ent. Am., LLC*, 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014); Opp. at 3–4. Plaintiff does not question the accuracy of the captures here, and nothing in *Ladore* bars notice of what a party's published policy says. And in *Ibey*, the court made the narrow determination that

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

plaintiff's LinkedIn profile page and *Mobile Marketing Association U.S. Consumer Best Practices* were "not generally known within the Court's jurisdiction." *Ibey v. Taco Bell Corp.*, No. 12-0583, 2012 WL 2401972, at *1 (S.D. Cal. June 18, 2012). That determination is inapposite. None of these cases support Plaintiff's broad contention that it is improper to take judicial notice of corporate webpages. Courts routinely take judicial notice of the exact types of documents OpenAI is submitting. *See supra* at 1–2.

Plaintiff's argument that the Court should deny judicial notice because there are "multiple versions" of the policies (RJN Exs. 3–16) likewise is without merit.[1] According to Plaintiff, courts have declined to consider a current version of a document "when it is unclear which versions of the document a plaintiff purportedly reviewed and agreed to." Opp. at 4–5. That is not the case here. OpenAI submitted a current version and an archived version covering the 2025 through 2026 timeframe to demonstrate that ***none of the relevant policies changed during that time***. Plaintiff does not contend otherwise. For the same reason, Plaintiff's argument that policies post-dating the Complaint cannot be judicially noticed should be ignored. As OpenAI explains (Mot. at 4 n.3), the later versions were offered simply as the current versions of the same policies in effect during the relevant time. Again, Plaintiff does not (and could not) argue that the relevant policies materially changed across versions.

The same is true of Exhibits 1 and 2, screenshots of OpenAI's account sign-up page and chat box page. Plaintiff argues they are undated (Opp. at 5), but she does not claim the account sign-up page or the chat box landing page looked different at any point in 2025 or 2026. In fact, she reproduces both in her opposition, mounts arguments based on them, and critiques their design as though they were the

---

[1] Throughout Plaintiff's opposition, she continually references the incorporation by reference doctrine, which OpenAI does not invoke. *See, e.g.*, Opp. at 4–5. OpenAI is seeking judicial notice of Exhibits 1–16. *See generally* RJN.

pages she encountered. Dkt. 24 at 2–9. If Plaintiff believed the pages looked different when she used the site, she could have submitted different versions, but she did not.

Plaintiff also objects to Exhibits 9 through 16, Meta's and Google's terms and policies, because "Meta and Google are third party entities over which Defendant does not exercise any control." Opp. at 1. That Meta and Google are third parties does not bear on noticeability. OpenAI offers Exhibits 9 through 16 to show what those companies publicly told their users, who include Plaintiff: Plaintiff alleges she has held active Facebook and Google accounts for years and routinely used them in the same browser she used for ChatGPT. FAC ¶¶ 8–9. Control over a page is irrelevant to whether a capture of it is accurate, and Plaintiff does not challenge the accuracy of any capture.

Finally, Plaintiff provides no support for her contention that documents cannot be judicially noticed if they relate to an affirmative defense. Opp. at 5. In the lone case Plaintiff cites, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), the court determined incorporation by reference of a document was improper where that document did not form the basis of the complaint. That case holds no relevance here. OpenAI is seeking judicial notice of documents pursuant to Fed. R. Evid. 201. In any event, consent *is* an affirmative element for each of Plaintiff's claims. *See* Mot. at 7–8; *see also* Cal. Penal Code § 631(a) (barring certain conduct "***without the consent of all parties*** to the communication,") (emphasis added); *id.* § 632 (barring certain conduct "***without the consent of all parties*** to a confidential communication") (emphasis added);.

## CONCLUSION

OpenAI respectfully requests that this Court take judicial notice of Exhibits 1–16 and consider them when ruling on OpenAI's Motion to Dismiss First Amended Complaint.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Respectfully submitted,

Dated: October 26, 2026 JENNER & BLOCK LLP

By: */s/ Laurie Edelstein*

Laurie Edelstein (CA Bar No. 164466)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
LEdelstein@jenner.com

Kate T. Spelman (CA Bar No. 269109)
Jenna L. Conwisar (CA Bar No. 341521)
JENNER & BLOCK LLP
2029 Century Park East, Suite 1450
Los Angeles, CA 90067-2901
Telephone: (213) 239-5100
KSpelman@jenner.com
JConwisar@jenner.com

David Layden (IL Bar No. 6216417; *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
DLayden@jenner.com

*Counsel for Defendant OpenAI Global, LLC*